**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN S. DAVIS,<br><br>            Plaintiff,<br><br>            v.<br><br>UNITED STATES POSTAL INSPECTION SERVICE,<br><br>            Defendant. | Case No. 13-cv-01972 (CRC) |

**MEMORANDUM OPINION**

John S. Davis, a federal inmate serving a 235-month sentence for child pornography trafficking, challenges the United States Postal Inspection Service's ("USPIS'") response to his Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request for the names of the videos for which he was convicted of trafficking. USPIS has moved for summary judgment, contending that it adequately searched for responsive records and properly withheld the names under FOIA exemptions 3, 7(C), and 7(F). Because the agency's affidavits describe an adequate search and justify withholding information that may reveal victims' identities, the Court will grant USPIS' motion.[1]

**I. Background**

John S. Davis pled guilty to trafficking child pornography in violation of 18 U.S.C. § 2252A(a)(1) and was sentenced to 235 months imprisonment. United States v. Davis, 261 F. App'x 265, 265–66 (11th Cir. 2008) (*per curiam*). In furtherance of his post-conviction appeals, Davis requested from USPIS "[t]he names of the 16 movie files that . . . allegedly contained illegal material on two CD Rom discs that were seized from my home." Compl. Ex. A (Freedom of Information Act Request) at 1. Because his request identified a particular Inspection Service case

---
[1] The Court will deny as moot Davis' Motion for Appointment of Counsel.

by number, USPIS searched its Inspection Service Integrated Information System, a computer database of files related to investigations. Decl. of Tammy A. Warner, USPIS Information Disclosure Technician ("Warner Decl.") ¶¶ 1, 3, 5. Using the case number provided by Davis as a search term, USPIS staff located a search warrant and a search warrant inventory list and released these three pages of records to Davis after redacting certain information under Exemption 7(C). , Id. ¶¶ 6–7; Compl. Ex. B (Letter to Davis from Tammy A. Warner, FOIA Analyst, Office of Counsel, USPIS, dated April 8, 2013, regarding FOIA No. 2013-FPIS-00170).

Davis filed an administrative appeal of USPIS' production. Compl. ¶ 12. He asked USPIS to "manually print the names of each file, as well as the serial numbers of the CD ROMs, contained on the CD ROMs in question." Id., Ex. C (Letter to Chief Counsel, FOIA/Privacy and Government Relations, U.S. Postal Service, from Davis dated April 19, 2013) at 2. USPIS' Chief Counsel responded to the appeal by remanding for further searches, and Postal Inspectors assigned to Davis' criminal investigation physically searched the evidence locker related to his case. Id., Ex. D (Letter to Davis from Christopher T. Kiepac, Chief Counsel, Federal Requirements, dated May 22, 2013 regarding Freedom of Information Act Appeal No. 13-057); Warner Decl. ¶ 10. The inspectors took screen shots of the movie files listed on the two CD-ROMS in question, but determined that the file names "appeared to identify the child victims filmed or information that could reasonably identify the child victims," and thus refused to release the records based on Exemption 7(F). Id. ¶¶ 10–12; see Compl. Ex. E (Letter to Davis from Tammy A. Warner dated June 7, 2013, regarding FOIA No. 2013-FPIS-00222). Davis unsuccessfully appealed this decision, See Compl. Exs. F-G (respectively, letter to Chief Counsel, FOIA/Privacy and Government Relations, U.S. Postal Service, dated June 17, 2013, and letter to Davis from Christopher T. Kiepac, Chief Counsel, Federal Requirements, U.S. Postal Service, dated July 19, 2013), and has now brought this suit.

USPIS moves for summary judgment, contending that it conducted an adequate search and properly withheld responsive records under FOIA Exemptions 3, 7(C), and 7(F).

**II.  Standard of Review**

A FOIA case typically is resolved on a motion for summary judgment.  See, e.g., Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993); Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and if it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a).  "In the FOIA context, the government must demonstrate the absence of a genuine dispute regarding the adequacy of its search for or production of responsive records."  Judicial Watch, Inc. v. Dep't of the Navy, 971 F. Supp. 2d 1, 3 (D.D.C. 2013) (citing Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs., 849 F. Supp. 2d 13, 21–22 (D.D.C.  2012)).  An agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'"  Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)).  The Court may grant summary judgment based solely on information provided in an agency's supporting declaration, as long as the declaration "describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith."  ACLU v. DOD, 628 F.3d 612, 619 (D.C. Cir. 2011) (citing Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009)).  "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible."  Id. (citation and internal quotation marks omitted).

### III. Analysis

#### A. USPIS' Search for Responsive Records

"The Court employs a reasonableness test to determine the adequacy of search methodology . . . consistent with the congressional intent tilting in favor of disclosure." Campbell v. DOJ, 164 F.3d 20, 27 (D.C. Cir. 1998) (citations and internal quotation marks omitted). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." Ancient Coin Collectors Guild v. Dep't of State, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg v. DOJ, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (citing Perry v. Block, 684 F.2d 121, 128 (D.C. Cir. 1982)). The agency may submit a declaration explaining the method and scope of its search, see Perry, 684 F.2d at 126, and such a declaration is "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted). However, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990).

Tammy A. Warner, a USPIS Information Disclosure Technician, used Davis' case number as a search term to search USPIS' investigatory file database "to see if there was specifically a printout of the names of the 16 movie files that were said to contain illegal material." Warner Decl. ¶ 6 (quotation omitted). She instead found a search warrant and a list of items taken from Davis' home, which she sent to Davis. Id. The Postal Inspectors assigned to Davis' criminal case also

4

manually searched the evidence seized in Davis' case and took screen shots of the names of the files that formed the basis of Davis' criminal conviction. Id. ¶ 9.

Davis does not fault the method by which USPIS located the CD-ROMs that were seized from his residence. He only asks for the names of the files, which USPIS states it has located but withheld under various FOIA exemptions. Pl.'s Resp. to the Def.'s Mot. for Summ. J. [ECF No. 14] ("Pl.'s Opp'n") at 6. USPIS' reasons for refusing to release the movie titles, however, have no bearing on the adequacy of its search. See Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004) (*per curiam*) (failure to produce particular information does not undermine the adequacy of a search). Based on USPIS' supporting declaration, the Court concludes that the agency's search was reasonably calculated to locate information responsive to Davis' FOIA request.

B. Exemption 3

Exemption 3 protects from disclosure information that is specifically exempted by statute if certain requirements are met. 5 U.S.C. § 553(b)(3). USPIS contends that it may withhold the file names under 18 U.S.C. § 3509(d). Mem. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem.") at 5–7; Warner Decl. ¶ 13.[2] Section 3509(d)(1)(B) prohibits disclosing the names or other personal information of child victims and is considered a withholding statute for purposes of Exemption 3. Rodriguez v. U.S. Dep't of the Army, __ F. Supp. 2d __, 2014 WL 1245001, at *11 (D.D.C. Mar. 27, 2014); Boehm v. FBI, 948 F. Supp. 2d 9, 26 (D.D.C. 2013).

Davis requests that USPIS "manually print the names of each file" and thereby avoid producing the specific pages that USPIS has withheld. Pl.'s Opp'n at 6. But Davis misunderstands the nature of FOIA exemptions. USPIS' justification for withholding these documents would

---

[2] USPIS' Vaughn Index fails to mention § 3509(d) and instead cites § 3509(m), see Warner Decl., Ex. 2 (regarding documents associated with FOIA request No. 2013-FPIS-00222), which is not mentioned in its filings or declarations. Section 3509(m), which prohibits reproduction of child pornography, does not appear to apply in this case. The Court considers the reference to Section 3509(m) to be a ministerial error.

extend to any document containing the same information.  Davis also suggests that USPIS could "black out any names of individuals that may be endangered by disclosure of any document or file." Id. at 8.  But, according to USPIS' affidavits—which the Court accepts as true absent evidence to the contrary, e.g., ACLU, 628 F.3d at 619 —the movie titles themselves either reflect the names of the child victims or include information by which the child victims could be identified, such as their descriptions and ages.  See Warner Decl. ¶¶ 10, 14.  Hence, in accordance with section 3509(d), USPIS properly withheld in full the names of the 16 movie files.

    C.  Exemption 7(C)

FOIA Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  In determining whether this exemption applies to particular information, the Court must balance the privacy interests of individuals mentioned in the records against the public interest in disclosure.  See ACLU v. DOJ, 655 F.3d 1, 6 (D.C. Cir. 2011).  The privacy interest at stake belongs to the individual, not the government agency, see DOJ v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 763–65 (1989), and "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity," Stern v. FBI, 737 F.2d 84, 91–92 (D.C. Cir. 1984).  When balancing an individual's privacy interest against the public interest in disclosure, "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  Davis v. DOJ, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting Reporters Comm., 489 U.S. at 773).  It is a FOIA requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant.  See Nat'l Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004).

Along with Exemption 3, USPIS relied on Exemption 7(C) in withholding the file names because they contained the "names and/or descriptions of children, and the ages of the children." Warner Decl. ¶ 14. Warner declares that USPIS withheld the records after determining that the victims' privacy interests and the danger of potential harassment or worse outweighed the general public interest in reviewing USPIS investigations. Id. ¶ 15. Davis, by contrast, contends that the file names may be useful in collaterally attacking his criminal sentence. Opp'n at 9; Compl. ¶ 16. According to Davis, his sentence was enhanced by 5 levels because the offense allegedly involved 600 or more images, yet neither he nor his defense counsel actually viewed the images. Opp'n at 2–3. Thus he seeks evidence to show that the CD ROM files' content did not warrant the upward adjustment.

Davis' personal interest in the requested information does not amount to a public interest of such magnitude that it outweighs the individuals' substantial privacy interests. See Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002) (requester's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest"), vacated and remanded, 541 U.S. 970 (2004), on remand, 378 F.3d 115 (D.C. Cir. 2004) (reaffirming prior decision), cert. denied, 544 U.S. 983 (2005); Brown v. DOJ, 742 F. Supp. 2d 126, 133 (D.D.C. 2010) ("Assuming that plaintiff seeks documents responsive to his request in order to challenge his conviction and/or bring to light possible government misconduct, the Court finds that plaintiff has not demonstrated that either of these reasons constitute[s] a 'significant' public interest in documents concerning [a third party]."). Furthermore, FOIA is not a substitute for discovery in a criminal case. See Marshall v. FBI, 802 F. Supp. 2d 125, 136 (D.D.C. 2011) (noting that "[t]he Federal Rules of Criminal Procedure and FOIA provide two independent schemes for obtaining information, and FOIA was not intended as a device . . . to enlarge the scope of discovery beyond

that already provided by the Federal Rules of Criminal Procedure") (internal quotation marks and citations omitted).

"FOIA Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." Dunkelberger v. DOJ, 906 F.2d 779, 781 (D.C. Cir. 1990) (internal quotation marks and citation omitted); see also Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990) ("It is surely beyond dispute that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." (internal quotation marks and citation omitted)). And absent production by Davis of "evidence that would warrant a belief by a reasonable person that . . . Government impropriety might have occurred," Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1115 (D.C. Cir. 2007) (quoting Favish, 541 U.S. at 174), Davis cannot demonstrate the existence of a public interest calling for the release of information pertaining to his child victims.

### D.  Exemption 7(F)

FOIA Exemption 7(F) protects from disclosure information contained in law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). USPIS also relies on Exemption 7(F) to withhold the names of and identifying information about the child victims and Postal Inspectors appearing in the responsive records. Def.'s Mem. at 11–12; Warner Decl. ¶ 16. Because the Court finds that this information is properly withheld under Exemptions 3 and 7(C), it need not determine whether Exemption 7(F) applies with respect to the same information. See Roth v. DOJ, 642 F.3d 1161, 1173 (D.C. Cir. 2011).

E. Segregability

"If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions." Oglesby v. U.S. Dep't of the Army, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (quotations omitted). Hence, the Court must determine whether the EOUSA has released all reasonably segregable portions of the responsive records. See Trans–Pacific Policing Agreement v. U.S. Customs Serv., 177 F.3d 1022, 1026–28 (D.C. Cir. 1999).

According to Warner, "[e]ach document was evaluated to determine if any information could be segregated and released." Warner Decl. ¶ 17. With respect to the two pages of records withheld in full, USPIS determined that "no meaningful portions . . . could be released without destroying the integrity of the document or without identifying a third party individual or child victim." Id. With respect to the other three documents, only the name and signature of the Postal Inspector have been withheld. See id., Ex. 2. In sum, after having "made every effort to segregate material that may be disclose or entirely with minimal redactions in accordance with the [claimed] exemptions," the declarant averred that "[i]t was not possible to reveal any additional information without revealing the substance of the [exempt] information[.]" Id. ¶ 19. These affirmations are sufficient to establish that all reasonably segregable records have been released.

**III. Conclusion**

USPIS has demonstrated that it conducted a reasonable search for records responsive to Davis' FOIA request, that the information it has withheld falls within the claimed exemptions, and that all reasonably segregable information has been released to Davis.  Accordingly, its motion for summary judgment will be granted.  An Order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   December 15, 2014